1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAWRENCE GIBSON,

11              Petitioner,              No. CIV S-11-1583 CKD P

12       vs.

13   HARTLEY,

14              Respondent.              <u>ORDER</u>

15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Ths proceeding was referred to this court by Local Rule

18   302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties'

19   consent.  (Dkt. Nos. 5, 11.)

20              Respondent requests judicial notice of an earlier filed action by petitioner and

21   consolidation of this action with the earlier filed action.  (Dkt. No. 12.)  Respondent's request for

22   judicial notice is granted.  <u>See</u> MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.

23   1986); Fed. R. Evid. 201(b).

24              On February 11, 2011, petitioner commenced a habeas action, designated Gibson

25   v. James Hartley, Case No. CIV S-11-0555 GEB KJN (HC) (E.D. Cal.) ("Gibson I").  In that

26   action, petitioner challenges his 2008 conviction in the Sacramento County Superior Court for

elder abuse and assault.  He raises five claims: (1) ineffective assistance of counsel; (2) alleged

juror misconduct; (3) alleged denial of counsel at a probation hearing; (4) alleged untimely

"return" by the state; and (5) alleged judicial misconduct.  (Gibson I, Dkt. No. 6.)  Respondent

has filed an answer, and petitioner has filed a traverse.  (Id., Dkt. Nos. 17, 23.)

          On June 13, 2011, petitioner commenced the instant action, also challenging his

2008 conviction for elder abuse, and raising two claims not included in the Gibson I petition: (1)

actual innocence; and (2) length of sentence is excessive.  (Dkt. No. 1.)  It appears that these

claims should have been raised in an amended or supplemental petition in the earlier-filed action.

Therefore, rather than consolidate the two cases, the court finds that this action was opened in

error and should be administratively closed.  See Roberson v. Virga, CIV S-11-0823 EFB P (E.D.

Cal.), Order dated July 1, 2011 (closing later-filed case under similar circumstances).  The court

will vacate its March 30, 2012 order directing respondent to file a response to the petition.  (Dkt.

No. 8.)  The court will also order that the petition filed in this action be re-docketed in Gibson I

as a "petition raising additional claims."[1]  See Local Rule 190(d) ("If, in the same matter in this

Court, the petitioner has previously filed a petition for relief . . . , the new petition shall be

assigned to the Judge or Magistrate Judge who considered the prior matter.").  Whether or not

petitioner may proceed on his two new claims in Gibson I is up to the magistrate judge and/or

district judge assigned to that action.

////

////

////

////

////

---

[1] The court chooses this descriptive name as opposed to, e.g., "Proposed Amended Petition" because it is not clear whether petitioner seeks to replace the petition in Gibson I with the instant petition.

1          In accordance with the above, IT IS HEREBY ORDERED that:

2          1.  The March 30, 2012 order directing respondent to file a response to the

3   petition is vacated;

4          2. The Clerk of Court shall file the June 13, 2011 petition (Dkt. No. 1) and a copy

5   of this order in Case. No. CIV S-11-0555 GEB KJN (HC) (E.D. Cal.).  The June 13, 2011

6   petition shall be docketed in that case as "Petition Raising Additional Claims"; and

7          3.  The Clerk of Court is directed to close this case.

8    Dated: May 23, 2012

9                                        _____

10                                       CAROLYN K. DELANEY
                                         UNITED STATES MAGISTRATE JUDGE
11

12

13
     2
14   gibs1583.consol

15

16

17

18

19

20

21

22

23

24

25

26